**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WAYNE WARD,<br>CDCR #BK-3300,<br><br>                              Plaintiff,<br><br>vs.<br><br>J. LOVELL; E. GUEVARA;<br>C. MARTINEY; R. ALLEN;<br>J. MAGNAR,<br><br>                              Defendants. | Case No.:  25-cv-03341-AJB-DDL<br><br>**ORDER DISMISSING CIVIL ACTION AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1) AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS AS MOOT**<br><br>**[Doc. Nos. 2, 3]** |

Plaintiff Wayne Ward, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD"), and proceeding *pro se*, has filed a civil rights complaint ("Compl.") pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] (Doc. No. 1.) Plaintiff has also filed copies of

---

[1] While Plaintiff used the Court's form *Bivens* civil rights complaint, all Defendants are alleged to be state officials employed by RJD, not federal prison officials. (*See* Doc. No. 1 at 1.) Because a *Bivens* action may not be maintained against state officials, and Plaintiff alleges violations of his constitutional rights by state actors, the Court liberally construes his complaint as if it were filed pursuant to 42 U.S.C. § 1983. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (noting court's duty to construe *pro se* prisoner's pleadings liberally when screening complaints pursuant to 28 U.S.C. § 1915A) (citation omitted);

his CDCR Inmate Statement Reports, as well as a prison certificate authorized by a RJD senior accounting officer, which the Court construes as requests to proceed *in forma pauperis* ("IFP"). (Doc. Nos. 2; 3.) Because Plaintiff raised the same claims against the same Defendants in a prior civil rights action, however, the Court dismisses this case as frivolous and denies Plaintiff's requests to proceed IFP as moot.

**I.    *Sua Sponte* Screening Pursuant to 28 U.S.C. § 1915A(b)**

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). Pursuant to this provision of the PLRA, the Court is required to review prisoner complaints which "seek[] redress from a governmental entity or officer or employee of a governmental entity," and to dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or which "seek monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(a), (b)(1)–(2); *Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

Plaintiff's complaint is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because it is duplicative of another civil action he previously filed and had dismissed in this Court. *See Ward v. Lovell,* No. 3:24-CV-1400-RSH-MSB, 2025 WL 2677395, at *1 (S.D. Cal. Sept. 18, 2025) ("*Ward I*"). A court "'may take notice of

---

*Guerrero v. So*, No. 3:20-CV-01117-GPC-MSB, 2020 WL 6449194, at *5 (S.D. Cal. Nov. 3, 2020) (construing *pro se* prisoner's *Bivens* complaint against state prison officials as a § 1983 suit).

proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

In *Ward I*, Plaintiff named as Defendants the same five RJD prison officials as he does in this case, claiming that on January 15, 2023, they "use[d] excessive force on [him]" by poking him in the shoulder, confronting him in the dayroom, and either slapping, slinging, or throwing him into a stationary bench. *See* Compl. at 1, 2; *cf. Ward I*, 2025 WL 2677395, at *1. Plaintiff further claims the same RJD officials refused to provide him medical care afterward. *See* Compl. at 3; *cf. Ward I*, 2025 WL 2677395, at *1. On May 7, 2025, and again on September 8, 2025, Judge Huie screened Plaintiff's pleadings in *Ward I*, but dismissed them *sua sponte* and in their entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim. *See Ward I*, 2025 WL 2677395, at *3 (Doc. No. 9); *id.*, Doc. No. 7.

Plaintiff later submitted his *Bivens* complaint to the Clerk of the Court in this case on November 21, 2025, again seeking to sue RJD Officers Lovell, Guevarra, Martiney, Allen, and Magnar, and again claiming they used excessive force against him on January 15, 2023, by "throw[ing] [him] into a stationary bench of the dayroom," and telling him he would "receive medical care later," which "never happened." *See* Compl. at 2, 3. Plaintiff's complaint was assigned to this Court as Case No. 3:25-cv-3341-AJB-DDL (hereafter "*Ward II*"). But except for the fact that he now seeks to proceed under *Bivens* in *Ward II* instead of under § 1983, as pleaded, the Court finds his claims are nevertheless identical to those previously alleged and dismissed in *Ward I*. The two cases, both filed in the Southern District of California, name the same Defendants, allege the same constitutional violations arising from the same January 15, 2023 incident at RJD, and are filed by the same Plaintiff. *Compare Ward I*, Doc. Nos. 1, 8, *with Ward II*, Doc. No. 1. A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995)

3

(construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). Because Plaintiff has already brought and had dismissed the same claims presented in the instant action against the same Defendants in *Ward v. Lovell,* No. 3:24-CV-1400-RSH-MSB, 2025 WL 2677395, at *1 (S.D. Cal. Sept. 18, 2025), dismissal of this duplicative and subsequently filed civil case pursuant to 28 U.S.C. § 1915A(b)(1) is warranted. *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1; *see also Adams v. Cal. Dep't of Health Servs*., 487 F.3d 684, 688-89 (9th Cir. 2007) ("[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

## II.    Conclusion

Good cause appearing, the Court **DISMISSES** this civil action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1), **DENIES** Plaintiff's leave to proceed IFP (Doc. Nos. 2, 3) as moot, **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and **DIRECTS** the Clerk of the Court to enter a judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated:  March 17, 2026

Hon. Anthony J. Battaglia
United States District Judge

25-cv-03341-AJB-DDL